**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In re:                                                                 :    Case No.    11-60704
    John M. Austin, Jr.
    Holly A. Austin                                          :    Chapter 13

                                                     :    Judge    John E. Hoffman, Jr.

    Debtor(s)

# CHAPTER 13 PLAN

**NOTE**: The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the mandatory form plan adopted in this Division. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. section § 101, et seq. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

☐ Amended Plan

All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Plan with the changes highlighted or reflected in bold or italic typeface.

| ☒ Above Median Income<br>☐ Below Median Income | Insolvent unless otherwise marked below:<br>☐ Solvent Estate | Dividend to unsecured creditors:<br>___100.00___ % |
|---|---|---|

Debtor claims to be eligible for discharge under § 1328(f) unless otherwise marked below:
    ☐ Debtor is not eligible for discharge under § 1328(f)
    ☐ Joint Debtor is not eligible for discharge under § 1328(f)

Debtor
    (1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on   October 22, 2011
    **OR**
    (2) converted this case to a case under Chapter 13 on _____ ("Petition Date").

**MANDATORY FORM PLAN (10/01/2010) Revised 07/01/2011**

### A. PAYMENTS

#### A(1). Plan Payments.

The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of $ __3160.00__ per month (enter all step-payments), for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding changes to the Plan payment may impact the disbursement schedule. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

#### A(2). Pre-Confirmation Adequate Protection Payments/Lease Payments.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, these payments will be retained by the Trustee until confirmation and distributed after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the retained payments, pro rata, based on the adequate protection payment amounts.

| Creditor | Property Description | Monthly Adequate Protection Payment |
|---|---|---|
| Americredit Financial Services | 2010 Kia Fex | $500.00 |
| Exeter Finance Corp. | 2004 Chevrolet Silverado | $500.00 |

#### A(3). Administrative Expenses, Attorney Fees, and § 1326 (b) Priority Payments.

Administrative expenses, unitemized attorney fees, itemized attorney fees under LBR 2016-1(b)(2)(B), and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total unitemized attorney fee for services (not to exceed the amount set forth in LBR 2016-1(b)(2)(A)), or the estimated itemized fee under LBR 2016-1(b)(2)(B) is $ __3,500.00__ .

Debtor's attorney received $ __526.00__ prior to the Petition Date. The Trustee shall disburse a minimum monthly amount of $ __743.50__ to Debtor's attorney until the balance of

**MANDATORY FORM PLAN (10/01/2010) Revised 07/01/2011**

$ __2,974.00__ is paid in full. Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00.

MANDATORY FORM PLAN (10/01/2010) Revised 07/01/2011

**B.     CLASS 1—CLAIMS SECURED BY REAL PROPERTY**

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

**B(1).    Mortgage Payments Outside the Plan.**

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|
|  |  |

**B(2).    Conduit Mortgage Payments.**

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date, if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of mortgage claims to do all of the following, unless the case is dismissed or converted:

(a)     Apply the post-petition conduit mortgage payments as post-petition monthly payments of principal and interest on the mortgage note, and, if applicable, as post-petition monthly payments of escrowed items such as insurance and/or real estate taxes. If such payments are placed into a suspense, forbearance or similar account, they will be deemed to have been applied pursuant to this subsection.

(b)     Apply the payments received from the Trustee for payment on the arrearage, if any, only to such arrearage. The arrearage shall be deemed paid in full upon the entry of the discharge order in this case, unless otherwise ordered by the Court

(c)     Deem the pre-petition arrearage contractually current upon confirmation of the Plan so as to preclude the imposition of late payment charges or other default-related fees and services.

(d)     File and serve LBR Form 3015-1(d)(4) and/or an amended proof of claim, within the deadline and in compliance with the service requirements set forth in LBR 3015-1(d)(4), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the Plan. Upon the filing of LBR Form 3015-1(d)(4) and/or an amended proof of claim the Plan shall be deemed modified to permit the Trustee to disburse the amended payment amount.

| Creditor | Property Address | Monthly Conduit Mortgage Payment |
|---|---|---|
| HSBC Mortgage Services | 140 Georges Creek Dr, Pickerington, Ohio | $1,060.86 |

**MANDATORY FORM PLAN (10/01/2010) Revised 07/01/2011**

**B(3).    Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims.  Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code.  Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of:  (i) the valuation of the collateral or (ii) the secured status of the claims.  Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

| Creditor | Property Address |
|---|---|
|  |  |

**B(4).    Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor's principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim.  Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of § 506 as set forth by Debtor below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**B(5). Real Property to be Surrendered.**

(a) Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim.

| Creditor | Property Address |
|---|---|
|  |  |

(b) The Trustee shall not pay any claims secured by this real property until a timely filed secured proof of claim is amended to set forth the unsecured deficiency balance after disposition of the real property. Such amendments shall be filed no later than 365 days after confirmation of the Plan; amendments filed after that date shall be deemed disallowed and subject to discharge under § 1328 unless otherwise ordered by the Court. The Trustee will make no distributions in respect of mortgage payments, mortgage arrearages, or real estate taxes on surrendered real property, unless otherwise provided in the Plan or by order of the Court.

(c) Upon confirmation of the Plan, the automatic stay of § 362 shall be deemed modified to allow *in rem disposition* of the real property as necessary to effect the surrender.

NOTE: If, at any time after confirmation, sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

**C.    CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES**

**C(1).   Lien Retention and Interest.**

All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of ___5.00___ %.

**C(2).   To Be Paid in Full (i.e., § 506 Does Not Apply).**

The Trustee shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| Americredit Financial Services | 2010 Kia Fex | 1/15/2010 | $13,823.00 | 6.00% | $500.00 |
| Exeter Finance Corp | 2004 Chevrolet Silverado | 5/2010 | $11,064.00 | 6.00% | $500.00 |

**MANDATORY FORM PLAN (10/01/2010) Revised 07/01/2011**

### C(3). Claims to Which § 506 Applies.

Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor below:

| Creditor | Property Description | Purchase Date | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### C(4). Personal Property to be Surrendered

Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

### C(5). Executory Contracts and Vehicle Leases.

(a) Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

(b) Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below The Trustee shall pay vehicle lease payments unless otherwise ordered by the Court. Debtor shall pay all other lease or executory contract payments unless otherwise specified below. All payments under this section will begin the first calendar month following the Petition Date.

| Creditor | Property Description | Termination Date | Monthly Payment Amount To be Paid Directly by Debtor | Monthly Payment Amount To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

**D.    CLASS 3—PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS**

   **D(1).   Priority Claims.**

   Class 3 claims will be paid pro rata and concurrently with Class 4 claims.  All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim.  Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

   **D(2).   Domestic Support Obligations.**

   (a)    Domestic support obligations (DSOs) are defined in § 101(14A).  Debtor shall pay all post-petition DSOs directly to the DSO creditor and not through the Trustee.  Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made.  If Debtor becomes subject to a DSO during the term of the Plan, Debtor shall file with the Court and serve on the Trustee a notice reflecting the nature of the DSO, and the name and address of the DSO creditor.

Pre-petition arrearages on DSOs shall be paid as follows:

| Name of DSO Creditor | Name & Address of CSEA | Estimated Arrearage Amount, if any, to be Paid Directly by Debtor | Estimated Arrearage Amount, if any, to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

   (b)    Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

E.  **CLASS 4—SECURED CLAIMS NOT OTHERWISE DESIGNATED**

   **E(1).  Payment of Class 4 Claims.**

   Class 4 claims including itemized post-confirmation attorney fees per LBR 2016-1(c), pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

   **NOTE**:  No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was executed after October 22, 1994.

   **E(2).  Pre-Petition Arrearages on Real Estate Mortgage(s).**

   The Trustee shall distribute payments to cure the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
| HSBC Mortgage Services | 140 Georges Creek Dr, Pickerington, Ohio | $25,360.43 |

   **E(3).  Arrearages on Assumed Leases and Executory Contracts.**

   The Trustee shall distribute payments to cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

F.  **CLASS 5—GENERAL UNSECURED CLAIMS**

   **F(1).  Unsecured Dividend.**

   After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend as provided on page one of the Plan.

   Notwithstanding the expiration of the claims bar date, the Trustee is authorized to modify the Plan post-confirmation to ensure that plan length meets the "applicable commitment period" provided by § 1325(b) by filing a motion with the Court.

   **F(2).  Solvency.**

   If this is a solvent estate, all general unsecured claims shall be paid in full with interest at _____ %, unless otherwise provided.

MANDATORY FORM PLAN (10/01/2010) Revised 07/01/2011

## G. MISCELLANEOUS PROVISIONS

### G(1). Co-Debtor Claims not Otherwise Provided for in the Plan.

(a) The following co-debtor claims will be paid in full by the Trustee concurrently with Class 4 claims to protect the co-debtor:

| Creditor | To be Paid in Full with Interest at Rate Specified Below | Minimum Monthly Payment, if Applicable |
|---|---|---|
|  |  |  |

(b) The following co-debtor claims will be paid as follows:

| Creditor | To be Paid by Co-Debtor Outside the Plan | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|
|  |  |  |

### G(2). Sale of Property.

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval as required by LBR 6004-1(c)–(d). Debtor shall commit the net proceeds as follows:

| Property Address/ Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
|  |  |  |  |

### G(3). Tax Returns.

All required tax returns have been filed except as provided below:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
|  |  |  |  |

### G(4). Vesting.

Unless marked below, confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c).

☒ Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

### G(5). Other Events.

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

### G(6). Insurance Information.

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| 140 Georges Creek Drive, Pickerington, Ohio | American Family Insurance | | Full | |
| 2010 Kia Fex | American Family Insurance | | Full | |
| 2004 Chevrolet Silverado | American Family Insurance | | Full | |

MANDATORY FORM PLAN (10/01/2010) Revised 07/01/2011

### G(7). Casualty Loss Insurance Proceeds (Substitution of Collateral).

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle. If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim. Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

### G(8). Post-Petition Debt.

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

## H. SPECIAL PROVISIONS

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE**: Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| Special Provisions: |
| --- |
| 1. Student Loans shall be paid outside of the plan as a long term debt. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as authorized by order of the Court.

| Case Attorney: |
| --- |
| /s/ W. Mark Jump |

Dated:　　　October 22, 2011

| Debtor | | Joint Debtor |
| --- | --- | --- |
| /s/ John M. Austin Jr. | | /s/ Holly A. Austin |

Dated:　　　October 22, 2011　　　　　　　　　　　Dated:　　　October 22, 2011

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

In re: : Case No. 11-60704

    John M. Austin, Jr. : Chapter 13
    Holly A. Austin

              Debtors. : Judge Hoffman

**NOTICE AND CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing attached order for meeting of creditors, confirmation hearing, combined with notice thereof and of automatic stays and chapter 13 plan was served this date on the parties whose names and full addresses are listed below and for NOTICE that the attached has been filed.

DATE: November 4, 2011           /s/ W. Mark Jump
                                                    W. Mark Jump (0062837)
                                                    Attorney for Debtors
                                                    2130 Arlington Ave.
                                                    Columbus, Ohio 43221
                                                    (614) 481-7218 Telephone
                                                    (866) 335-5153 Facsimile
                                                    bankruptcycourt@kjlaws.com

SERVED VIA REGULAR MAIL:

Capital Recovery III LLC
c/o Recovery Management Systems Corp.
25 SE 2nd Ave, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh

Ascension Capital Group, Inc.
Attn: Exeter Finance Corp. Department
Account: XXXXXXXXXXXX3796
c/o Ascension Capital Group
PO BOX 201347
Arlington, TX 76006

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-2<br>Case 2:11-bk-60704<br>Southern District of Ohio<br>Columbus<br>Fri Nov  4 07:33:43 EDT 2011 | (p)AMERICREDIT<br>PO BOX 183853<br>ARLINGTON TX 76096-3853 | Exeter Finance Corporation<br>c/o Ascension Capital Group<br>P.O. Box 201347<br>Arlington, TX 76006-1347 |
| Recovery Management Systems Corporation<br>25 SE 2nd Avenue, Suite 1120<br>Miami, Fl 33131-1605 | United States Bankruptcy Court<br>170 North High Street<br>Columbus, OH 43215-2414 | Akron Billing Center<br>2620 Ridgewood Rd.<br>Akron, OH 44313-3527 |
| America's Urgent Care of Pickerington<br>1797 Hill Road North<br>Pickerington, OH 43147-7996 | Asst US Trustee (Col)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 | CCS<br>PO Box 55126<br>Boston, MA 02205-5126 |
| Capital City Construction, LLC<br>Attn: Joe Dials<br>139 George's Creek Drive<br>Pickerington, OH 43147-8095 | City of Pickerington<br>Income Tax Department<br>100 Lockville Road<br>Pickerington, OH 43147-1321 | Diley Ridge Medical Center<br>7911 Diley Road<br>Canal Winchester, OH 43110-9653 |
| Direct Loans<br>PO Box 5609<br>Greenville, TX 75403-5609 | Exeter Finance Corp<br>2232 Las Colinas Blvd W<br>Irving, TX 75039-5438 | Fairfield County Treasurer<br>210 E. Main Street, Room 206<br>Lancaster, OH 43130-3876 |
| Finney, Stagnaro, Saba, & Patterson<br>2623 Erie Avenue<br>Cincinnati, OH 45208-2001 | Georges Creek Homeowners Association<br>SBS Management, LLC<br>3974-I Brown Park Drive<br>Hilliard, OH 43026-1168 | HSBC Mortgage Services<br>Po Box 5249<br>Carol Stream, IL 60197-5249 |
| IRS Insolvency Unit<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Mount Carmel Medical Group<br>PO Box 951464<br>Cleveland, OH 44193-0016 | Nationwide Children's Hospital<br>PO Box 182888<br>Dept L-5110<br>Columbus, OH 43218-2888 |
| Nationwide Insurance<br>Dennis Weinzerl<br>1258 Hill Road N.<br>Pickerington, OH 43147-8984 | Ohio Health<br>5350 Frantz Road<br>Dublin, OH 43016-4259 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| Safe Auto<br>3 Easton Oval<br>Columbus, OH 43219-6030 | Sallie Mae<br>Po Box 9500<br>Wilkes Barre, PA 18773-9500 | Social Security Administration<br>PO Box 3430<br>Philadelphia, PA 19122-0430 |
| UCB Collections<br>5620 Southwyck Blvd<br>Toledo, OH 43614-1501 | VRH<br>PO Box 20497<br>Columbus, OH 43220-0497 | Verizon Wireless Bankruptcy Department<br>Afni, Inc.<br>PO Box 3397<br>Bloomington, IL 61702-3397 |

Holly A Austin
140 Georges Creek Drive
Pickerington, OH 43147-8096

Jeffrey P Norman
Chapter 13 Trustee
One Columbus
10 West Broad St
Suite 900
Columbus, OH 43215-3449

John M Austin Jr.
140 Georges Creek Drive
Pickerington, OH 43147-8096

W Mark Jump
2130 Arlington Avenue
Columbus, OH 43221-4314

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AmeriCredit Financial Services, Inc.
PO Box 183853
Arlington, TX 76096

(d)Americredit Financial Services
Po Box 182673
Arlington, TX 76096

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33

| | |
|---|---|
| B9I (Official Form 9I) (Chapter 13 Case) (12/10) | Case Number **2:11−bk−60704** |

# UNITED STATES BANKRUPTCY COURT
Southern District of Ohio

## Notice of
## Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 10/22/11.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| John M Austin Jr.<br>140 Georges Creek Drive<br>Pickerington, OH 43147 | Holly A Austin<br>140 Georges Creek Drive<br>Pickerington, OH 43147 |
| Case Number:<br>2:11−bk−60704    **Case Assigned To:**<br>     **John E. Hoffman Jr.** | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−5802<br>xxx−xx−4190 |
| Attorney for Debtor(s) (name and address):<br>W Mark Jump<br>2130 Arlington Avenue<br>Columbus, OH 43221<br>Telephone number: (614) 481−4480 | Bankruptcy Trustee (name and address):<br>Jeffrey P Norman<br>Chapter 13 Trustee<br>One Columbus<br>10 West Broad St<br>Suite 900<br>Columbus, OH 43215−3449<br>Telephone number: 614−420−2555 |

## Meeting of Creditors
Date: **December 14, 2011**      Time: **09:30 AM**

Location: **U.S. Bankruptcy Building, 170 North High Street, Suite 100, Columbus, OH 43215**

**No unauthorized cellular phones, cameras, recording devices, weapons, pagers or other portable electronic devices are permitted on the court's premises.**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): **3/13/12**

a governmental unit must file before 180 days after the date of the Order for Relief (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)).

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 2/13/12**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Deadline to Object to Plan:
Objections to confirmation of a plan shall be in writing, filed and served on the debtor, the debtor's attorney, the trustee, and the United States trustee, and shall bear a certificate of service dated not later than fourteen (14) days after the § 341 meeting is concluded.

### Filing of Plan, Hearing on Confirmation of Plan
The debtor has not filed a plan as of this date.
You will be sent a copy of the plan once it has been filed. The hearing on confirmation will be held:
Date: **1/17/12**, Time: **01:00 PM**, Location: **Courtroom A, U.S. Bankruptcy Court, 170 North High Street, Fifth Floor, Columbus, OH 43215**

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>170 North High Street<br>Columbus, OH 43215−2414<br>Telephone number: (614)469−6638 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Kenneth Jordan |

| Hours Open: Monday – Friday 9:00 AM – 4:00 PM | Date: 10/27/11 |

Case 2:11-bk-66074 Doc 25 Filed 10/26/11 Entered 10/26/11 08:52:09 Desc Main
Document 13 Page 17 of 18

## EXPLANATIONS  B9I (Official Form 9I) (12/10)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B10") can be obtained at the United States Courts Web site: http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## Refer to Other Side for Important Deadlines and Notices